UNITED STATES DISTRICT COURT
for the
**Eastern District of Kentucky**
**Lexington Division**

| | |
|---|---|
| Kara Stanley )<br>    *Plaintiff* )<br>    )<br>v. )<br>    )<br>I.C. System, Inc. )<br>    Defendant )<br>Serve: )<br>    CT Corporation System )<br>    306 W. Main Street, Suite 512 )<br>    Frankfort, KY 40601 )<br>    ) | Case No. |

## COMPLAINT and DEMAND FOR JURY TRIAL

### INTRODUCTION

1. This is an action brought by Plaintiff Kara Stanley for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*; and for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*

2. Defendant I.C. System, Inc. ("I.C. System") violated the FDCPA by adding interest to Ms. Stanley's debt that it had no legal right to collect from her. I.C. System violated the FCRA by failing to conduct a reasonable investigation of Ms. Stanley's disputes after receiving notice of those disputes from one or more consumer reporting agencies ("CRA's").

### JURISDICTION

3. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, the FDCPA, 15 U.S.C. §1692k(d), and the FCRA 15 U.S.C. § 1681p.

### PARTIES

4. Plaintiff Kathy Stanley is a citizen of the United States of America and of the Commonwealth of Kentucky residing in Fayette County, Kentucky. At all relevant times Ms. Stanley was and is a "consumer" within the meaning of the FDCPA, 15 U.S.C. § 1692a(3); and the FCRA, 15 U.S.C. § 1681a(3).

5. I.C. System, Inc. ("I.C. System") is a third-party debt collector whose principal

office is located at 444 Highway 96 East, St. Paul, MN 55127.

6. I.C. System regularly collects or attempt to collect debts owed or due or asserted to be owed or due another, and is a "debt collector" within the meaning of the FDCPA, as defined by 15 U.S.C. § 1692a(6). I.C. System is also a furnisher of credit information within the meaning of the FCRA.

## FACTS

7. Like many of her fellow Americans, Ms. Stanley wants to buy and own her home.

8. Like almost every home purchaser in the country, Ms. Stanley does not have sufficient funds to pay cash for a home. Rather, she needs to obtain financing.

9. On March 7, 2017, Ms. Stanley applied for a home loan from Prime Mortgage Lending, Inc. ("Prime Lending"). Prime Lending denied Ms. Stanley's loan application based on negative information on her credit report.

10. Upon review of her consumer credit reports, Ms. Stanley discovered several inaccuracies, which included inaccurate information furnished or reported by Defendant I.C. System, Inc. ("I.C. System"). This information was negatively impacting Ms. Stanley' credit score. Se set out to correct the information in order to raise her credit score.

11. Ms. Stanley discovered two negative tradelines on her Trans Union and Equifax credit reports furnished by I.C. System in connection with debts owed to Banfield Pet Hospital ("Banfield"): one with account #357902**** and the other with account #375669****.

12. The Banfield debts were incurred for family, personal, or household purposes, which makes each Banfield debt a "debt" within the meaning of the FDCPA.

13. I.C. System furnished the negative credit information to the consumer reporting agencies concerning these Banfield debts for purposes of collecting the debts from Ms. Stanley. *Sullivan v. Equifax, Inc.*, CIV.A. 01-4336, 2002 WL 799856 (E.D. Pa. Apr. 19, 2002) ("[R]eporting a debt to a credit reporting agency is 'a powerful tool designed, in part, to wrench compliance with payment terms.'").

14. The Banfield debt with the account number beginning with 357 notes that the account was open in March 2011 with an opening balance of $329 and that the current balance as of February 2017 was $387.

15. The Banfield debt with the account number beginning with 375 notes that the account was open in June 2011 with an opening balance of $230 and that the current balance as of

February 2017 was $271.

16. The above credit information furnished by I.C. System is false and inaccurate because the information includes as due and owing self-awarded interest and/or fees that I.C. System has no legal right to recover from Ms. Stanley. *Fulk v. LVNV Funding LLC*, 55 F. Supp. 3d 967, 973 (E.D. Ky. 2014) (ruling that "a creditor may not collect prejudgment interest from a debtor until a judgment has been awarded").

17. On or about March 24, 2017, Ms. Stanley sent a dispute letter to Trans Union, LLC ("Trans Union") and Equifax Information Services, LLC ("Equifax"). In her letters, Ms. Stanley disputed the amount of the two I.C. System tradelines.

18. Trans Union and Equifax had a statutory obligation to forward Ms. Stanley's dispute to I.C. System.

19. Trans Union and Equifax complied with their statutory duty and sent I.C. System notice of Ms. Stanley's March 24th dispute letters, which thereby triggered I.C. System's duty under 15 U.S.C. § 1681s-2(b) to reinvestigate its negative tradelines it was supplying to Trans Union and Equifax concerning the Banfield debts.

20. As a result of Ms. Stanley's dispute, Trans Union deleted the two I.C. System tradelines.

21. Equifax, however, continued to report the two negative tradelines.

22. I.C. System failed to conduct a reasonable investigation into Ms. Stanley's dispute concerning the negative credit information concerning Ms. Stanley and the two Banfield tradelines that I.C. System is furnishing to one or more consumer reporting agencies.

23. As a result of I.C. System's failure to conduct a reasonable investigation of Ms. Stanley's dispute, Ms. Stanley suffered actual damages in the form of a lowered credit score and denial of credit.

24. I.C. System violated the FDCPA by transmitting false credit information concerning Ms. Stanley and the Banfield tradelines to one or more consumer reporting agencies, and by adding interest and/or fees to the Banfield tradelines that neither I.C. System nor Banfield had any legal right to recover from Ms. Stanley.

# CLAIMS FOR RELIEF

**I.     Violations of the FDCPA**

25.     The actions by I.C. System, Inc. ("I.C. System") set out *supra* constitute violations of the Fair Debt Collection Practices Act ("FDCPA") including, but not limited to the following:

(a)     Violation of 15 U.S.C. § 1692f(1): I.C. System attempted to collect an amount on a debt that is not permitted by contract or law by, including but not limited to, attempting to collect unauthorized, self-awarded interest from Ms. Stanley;

(b)     Violation of 15 U.S.C. § 1692e(2)(A): I.C. System falsely represented the character, amount, and/or legal status of the debt by, including but not limited to, adding unauthorized prejudgment interest to the Banfield tradelines; and

(c)     Violation of 15 U.S.C. § 1692e(5): I.C. System threatened to take [an] action that cannot legally be taken" in violation of the FDCPA by, including but not limited to, attempting to recover unauthorized interest from Ms. Stanley that it had no legal right to collect, thereby threatening to take an action to collect a debt that cannot be legally taken.

**II.    Violations of the FCRA**

26.     The foregoing acts and omissions of I.C. System alleged *supra* also violate the FCRA.

27.     After being informed by Equifax Information Services, LLC ("Equifax") that Ms. Stanley disputed the accuracy of the information it was furnishing to Equifax concerning Ms. Stanley and the Banfield tradelines, I.C. System willfully failed to conduct a proper investigation of Ms. Stanley's dispute, filed with Equifax, that I.C. System was furnishing false negative credit information about Ms. Stanley and the Banfield tradelines.

28.     I.C. System willfully failed to review all relevant information purportedly provided by Equifax to I.C. System in conducting its investigation, as required by 15 U.S.C. § 1681s-2(b)(B).

29.     I.C. System willfully failed to direct Equifax to delete inaccurate information about Ms. Stanley pertaining to the Banfield tradelines as required by 15 U.S.C. § 1681s-2(b)(C).

30.     Ms. Stanley has a private right of action to assert claims against I.C. System arising under 15 U.S.C. § 1681s-2(b).

31.     I.C. System is liable to Plaintiff Stanley for the actual damages she has sustained by reason of its violations of the FCRA, in an amount to be determined by the trier of fact, or up

to $1,000.00 in statutory damages, whichever is greater, together with an award of punitive damages in an amount to be determined by the trier of fact, and her reasonable attorney's fees which she is entitled to recover pursuant to 15 U.S.C. § 1681n.

32.  In the alternative, I.C. System is liable to Ms. Stanley for the actual damages she has sustained as result of its willful violation of the FCRA, in an amount to be determined by the trier of fact, as well as her reasonable attorney's fees, and she may recover therefore pursuant to 15 U.S.C. § 1681o. In the alternative, I.C. System is liable to Ms. Stanley for the actual damages she has sustained as a result of its negligent violation of the FCRA, in an amount to be determined by the trier of fact, and her reasonable attorney's fees which she is entitled to recover pursuant to 15 U.S.C. § 1681o.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court grant the following relief in her favor and against Defendant I.C. System, Inc.

1. The maximum amount of statutory damages provided under 15 U.S.C. §1692k against each Defendant;

2. Plaintiff's actual damages;

3. Plaintiff's attorney's fees, litigation expenses and costs;

4. A trial by jury; and

5. Such other and further relief as is appropriate.

Submitted by:

/s/ James H. Lawson
**James H. Lawson**
*Lawson at Law, PLLC*
115 S. Sherrin Avenue, Suite 4
Louisville, KY 40207
Tel:   (502) 473-6525
Fax:   (502) 473-6561
james@kyconsumerlaw.com

James R. McKenzie
*James R. McKenzie Attorney, PLLC*
115 S. Sherrin Avenue, Suite 4
Louisville, KY 40207

Tel: (502) 371-2179
Fax: (502) 257-7309
jmckenzie@jmckenzielaw.com